# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7508 | **DATE** | May 12, 2011 |
| **CASE TITLE** | Jose Loera (#08376-027) v. State of Illinois | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider [#15] is construed as a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) and is denied.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Petitioner Jose Loera seeks to alter or amend this Court's judgment order dismissing Petitioner's petition for writ of *coram nobis* entered by the Court on April 14, 2011. Plaintiff's motion, which was filed within 28 days of this Court's dismissal of this case on an issue of law, was filed pursuant to Fed. R. Civ. P. 59(e), is timely.

    Relief under Rule 59(e) is available only if Plaintiff can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht*, at 493; *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir.2007); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59 (e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

    The Court has carefully reviewed Plaintiff's motion. Plaintiff fails to carry this burden. Petitioner cites to a string of Northern District, District Court cases to support the proposition that *coram nobis* relief is available to a petitioner like him who has fully served his underlying state court sentence. *See U.S. v. Chaidez*, 2010 U.S. Dist. LEXIS 69561 (N.D. Ill. July 8, 2010) (Gottschall, J.); *Duncan v. U.S.*, 2010 U.S. Dist. LEXIS 78114 (S.D. Ill. Aug. 3, 2010) (Reagan, J.); *U.S. v. Figura*, 2009 U.S. Dist. LEXIS 36700 (N.D. Ill. Apr. 30, 2009) (Anderson, J.); *Adeyeye v. U.S.*, 2009 U.S. Dist. LEXIS 91180 (N.D. Ill. Oct. 1, 2009) (Andersen, J.) However, all of those cases are distinguishable from Petitioner's in that the Petitioners in the cited cases were challenging federal convictions in federal court, asserting a right to a writ of error *coram nobis*. Here, Petitioner is seeking to **(CONTINUED)**

AWL

| STATEMENT |
|---|

challenge his underlying state court conviction in federal court. As the Court instructed Petitioner in its April 14, 2011, order, a *coram nobis* petition must be presented to the court that pronounced the judgment being challenged. *See Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992). Thus, *coram nobis* relief is unavailable to Petitioner in federal court to challenge his state court conviction.

The rest of Petitioner's arguments fail because he is essentially arguing with the Court's legal reasoning. Mere disagreements with a district court's legal reasoning are properly expressed by filing an appeal. *See Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("[A]n appeal or motion for a new trial, rather than an FRCP 60(b) motion is the proper avenue to redress mistakes of law committed by the trial judge . . . .").

The Court's dismissal, however, does not leave Petitioner remediless. The denial of his petition was without prejudice to him pursuing his previously filed petition for habeas corpus relief pursuant to 28 U.S.C. § 2255 in *United States of America v Jose Loera*, Case No. 2:07-CR-25-2 (N.D. Ind.), raising the same issue he alleged in the present case.

For the foregoing reasons, Plaintiff's motion is denied. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of this order. Rule 4(a)(4), Fed. R. App. P. If he does so, he will be liable for the appellate filing fee.